The case on our calendar is United States of America v. Ural-Centeno. It's 22-16-76. Mr. Houston, am I pronouncing it right? You got it right, Your Honor. Thank you so much. You stated it in the first three minutes, is that correct? That's correct. Okay, you may proceed. Thank you. May it please the Court, my name is Michael Houston, I represent Ural-Centeno. I'm going to focus on what I think is really the main dispute in this case. As we look at the case law that's evolved over whether or not, what is, you know, is Hobbs Act robbery a crime of violence such that it can be a predicate for 924C? And the government put its 920, excuse me, their 28J letter in last week, and I had seen it actually in the Barrett case, you know, researching that case. And it seems to me the main issue that we're looking at here is whether or not completed is the term, right? Completed Hobbs Act robbery, because the way Taylor set forth, you know, in discussing it, you know, that was an attempted robbery case. So this is the issue that we're going to have to confront in Barrett, is that correct? Yes, it is, Your Honor. What would you advise this panel to do, given Barrett? Well, I would advise this court to go in Barrett's direction and find for Barrett. And I'm going to explain why. One, I think that- I'm sorry, you just said decide Barrett correctly? Yes. Decide- We're not the panel for Barrett, right? Is that correct? And we're bound by what that panel says, is that correct? Correct. So as a practical matter, what should this panel do? Well, as a practical matter, that decision is going to impact what's going to happen here, Your Honor. That's correct. Okay. So we would be inclined to wait then? Yes, Your Honor. That's correct. Okay. That's correct. And would you want to explain why McCoy doesn't suggest how Barrett is going to come out? Yes, Your Honor. So one, McCoy did not bring up the hypotheticals that Barrett has brought up and also that we've brought up in discussing whether or not the realistic probability test should be applied. Can you respond to their argument that the hypotheticals are all in favor of Hobbs Act extortion and not actually robbery? On one level, it's a distinction without- well, it's the distinction without a difference, Your Honor. Some of Hobbs Act extortion actually falls within the rubric of Hobbs Act robbery. As we set forth in our brief in discussing- But the common law distinguished extortion from robbery, right? That's correct, Your Honor. And I think- Hobbs Act is not an example of the kind of modern Scalian congressional draftsmanship that defines things with great precision. It was intended to embody common law extortion and robbery, wasn't it? It definitely was, Your Honor. So then I'm not sure. I mean, I understand how you could say that read literally it's not that easy to distinguish the definition of robbery from the nondefined in the statute extortion. But at the same time, there's a common law background that makes that distinction. And at least the property example strikes me as sort of hornbook extortion. Your Honor, I- It doesn't feel like robbery at all. I've been thinking really deeply about this, and I can't say no to what you're saying, right? It seems to me it really comes down to this. Extortion is fear generally, and robbery is fear of harm to person or property. And I think the struggle that we're all having, you know, I think as judges and as lawyers as we look at this, is that this future injury of property that's set forth in Hobbs Act, robbery, it sort of took robbery out of its normal lane and put it in, you know, sort of an area that goes into an extortion. I mean, obviously, the court didn't write the statute. You know, we didn't write it, but we're reckoning with the fact that there is this overlap. Well, but it does say injury to property. Doesn't that feel a little bit different than sort of these intellectual property examples where there's nothing physical to suffer an injury? There's harm. There's legal damages maybe to be recoverable in certain respects, but it doesn't feel like an injury. Your Honor, you're right. It's uncomfortable. And I think as time and technology go forth, we're going to be looking at what that really means. But this is how I think about it. And maybe this is helpful. So the statute says future, you know, a threat of future injury to property. And then if we look at the way the analysis of violent crime, it doesn't fit. And that's a problem with the Hobbs Act and using it as a predicate. And what I see happening is that courts are struggling with looking at a statute that instead of having enumerated offenses, you know, which would allow you to do a modified categorical approach, what you have is simply a statute that's cobbled everything together, and the least culpable act doesn't fit what a crime of violence is. That tension is simply there, and I think that's why everyone is asking the question. And it seems to me obviously Barrett's going to go before us. But I don't mean this to sound in any way whimsical or silly, but I was thinking it's sort of Marbury versus Madison time, that someone needs to really reckon with this in terms of where we are in our jurisprudence. No, but my question for you is are you asking this panel or perhaps the other panel to come up with a rule of law that if someone can dream up a hypothetical, then it is either categorical or not categorical. I don't see the limiting principle because I understand your quibbling with McCoy is to say it doesn't include our hypothetical, our particular hypotheticals. And, Your Honor, there are a couple other ways the argument was set out. The way they relied on Chappelle is different. The specific argument about future injury to property, that wasn't set forth. Those things are distinguished. Can you articulate a principle of law for distinguishing between categorical and not categorical on the question of Hobbs Act robbery that doesn't involve if someone can dream up a fanciful hypothetical? We have to put something on a piece of paper that provides guidance to district courts and to processing lawyers. What should that limiting principle look like? Look to the statute, Your Honor. And if the statute doesn't fit, then that's what the government and the courts have to live with. It's that simple. Okay, but again, so we're back into if someone can dream up something, even if it's fanciful or hard, then that is an example of putting it in one bucket versus the other? Your Honor, I always thought the realistic probability test is somewhat of a red herring. It's putting the onus on the defendants to come up with the stuff. I'm actually not even pushing on the realistic probability test. I'm just trying to figure out what is a limiting principle? Because what I am hearing or what I read from your papers was if somebody could dream it up, then it is either categorical or not categorical. So I don't think you would adopt that position. So tell me what I am misunderstanding and how would you articulate the difference? Well, in terms of hypotheticals, yes, Your Honor. So here's a hypothetical. We know right now that people are robbing robots in California and different places. The future that we're envisioning is already existing. And so, yes, we can point out examples. And we're going to be able to point out more where technology is expanding. What a reasonable limiting principle is that someone has actually been charged for one of these things? Well, I think that could be one, Your Honor. Yes, that could be one. Well, but in that case, I mean, has anyone ñ is there any example under the Hobbs Act or common law robbery or anywhere that is the harm to self hypothetical? Is there any case of that kind ever? I have not seen that case, Your Honor. And I was talking with Mr. – looking at Barrett. I mean, I've reviewed it. No, I have not found that case, Your Honor. I think my personal viewpoint is the property example is the better example. The other question, and there are multiple questions here, but one is it's not just if anyone can dream up a hypothetical. It's the law is never settled because even if there's a definitive decision that says this is a crime of violence, if they did not consider some new hypothetical that some smarter lawyer comes up with a year later or some new technological development that now you can rob a robot and that changes the whole game, why ñ it's never settled, right? You can always revisit the decision about the categorical approach based on another lawyer's idea of some literal application of the statute that the panel didn't consider. Judge Lynch, that's a great question, and the philosophical import is tremendous. Yes, Your Honor, I think is the answer, that this issue may be revisited again and again as time goes forward and as we look at these issues as lawyers and as jurists. I think that's correct, Your Honor. Okay.  We'll head from the end. Can you start with your position or the government's position on Barrett? Yes, Your Honor. May it please the court, my name is Thomas John Wright, and I'm an assistant United States attorney in the Southern District of New York. I represent the government on this appeal as I did in the court below. Your Honor, the government's position is that this panel of this court should hold decision pending the decision in Barrett. And to be certain, this court's decision in McCoy, in which this court held, we see nothing in Taylor's language or reasoning that undermines this court's settled understanding that completed Hobbs Act robberies are categorically crimes of violence pursuant to section 924C3A, that is McCoy at 58F474. That is the binding precedent of this court on this panel as much as Barrett. Also in McCoy it says, unlike in Taylor, defendants have presented no hypothetical case in which a Hobbs Act robbery could be committed without the use, attempted use, or threatened use of force against a person or property. Doesn't that at least suggest, would you concede, that there's at least the possibility that the court could consider hypotheticals not previously considered? Respectfully, Your Honor, no. And I think that it goes to the issue of what is on appeal a legal issue, on appeal, versus an argument in support of a position. And I think that my counsel, my learned counsel in borrowing, as both parties did here from the briefing in Barrett, draws the court into suggestions that, well, because these arguments were not previously presented to the panel that decided McCoy, somehow we are now free to make them now. So you're saying it's an overread of McCoy, the language where it says that presented no hypothetical case, that that is overreading the idea that there are future hypotheticals the court might consider that would do it. Yes, Your Honor. And I think that McCoy's unmistakable holding, clear and in black letters, is that completed Hobbs Act robbery is a crime of violence for the purposes of 924C3A. And I think that when you look at the decisions that the appellant has raised for the purpose of trying to introduce nuances to being able to raise these different arguments, they are all cases in which one of two things have occurred. One is that a court decided a different issue than the one that's on appeal or simply never decided the issue on appeal. And that's a very different situation than here where McCoy and this court decided the issue post-Taylor of whether Hobbs Act robbery, completed Hobbs Act robbery, is a crime of violence. And to be certain, that's joining every single circuit in this country, making that same finding pre-Taylor. And now in the short time since Taylor was decided, seven of the circuit courts addressing Taylor specifically have said no, completed Hobbs Act robbery is still a crime of violence. I'm going to change gears. So you agree that Mr. Centeno's sentence should be vacated because of Chappell. Is there a good reason or what would your position be about dividing the issues and remanding for resentencing under Chappell? Or should we do them both at once and hold for Barrett entirely? What would you recommend? Your Honor, the government respectfully submits that the court should hold for Barrett in its entirety the decision in this case. And that is because we could be in a position where the court remanded on the issue of resentencing and then we came straight back up on an appeal that was still awaiting decision from the combination of Barrett and prior holding in McCoy. And for reasons of judicial economy as well as allowing Judge Furman to take this case with a clean slate and direction. It's a waste of time to send it back for resentencing if Mr. Centeno's argument prevails in Barrett. Certainly, Your Honor. We shouldn't have a judge impose a sentence on something that may turn out not to be a crime at all. We agree. Thank you very much, Your Honor. Mr. Houston, I guess my question is this has been very interesting and I've enjoyed talking about it with you and you've had interesting things to say. But at the end of the day, don't we just have to hold for Barrett? Because if Barrett decides it your way, you win. And even if I think you're wrong, it won't matter. And conversely, if the Barrett panel decides that your arguments are without merit, the same arguments being made in that case, of course, then it doesn't matter whether I agree with you or not because you'll be left having to come up with yet a more clever hypothetical that they didn't consider in order to try to distinguish an adverse decision in Barrett. So we just have to wait, right? And before you answer, Jasmine, the timer never started. I agree with you, Your Honor. I do think that we have to wait on Barrett. And I also agree with the approach that we not bifurcate and that we just wait for a decision in this case. I just want to say a couple of things. And I have enjoyed talking about this. I've been thinking about this for years, this issue. But I'm just going to point the Court to the United States v. Lewis case. That's the case out of the Southern District of Florida. It's on appeal. But that district court made the determination that Hobbs Act text and case law make plain that robbery can be committed by causing a victim to simply fear a financial loss without causing the victim to fear any physical injury. And the Hobbs Act is broad. An attempt satisfies it. Conspiracy satisfies it. There's no meaning abetting an attempt. All these are completed crimes. So, yes, you can complete the crime, but it doesn't make it a crime of violence. And I know the Court appreciates the difference. And the reason I'm advocating the way I am, I mean, obviously, I like my job. I like being a defense lawyer. I'm sort of disruptors. But it's to help the process think about itself. And I assume the judges talk. And I appreciate your time today. I know this is a vexing issue. This categorical approach. But thank you so much on behalf of Mr. Centine. By the way, I don't think we do in the sense that you may have meant it. That is to say, I've never seen an occasion where someone in my position in this case called up the panel in Barrett and said, here's what I think you should decide. If that's what you. No, that's not what I meant, Your Honor. We talk among ourselves. And the clerks are here, and everybody's thinking about this issue. There's a lot of brain power here is what I'm saying. Exactly. And I'm hoping to sort of get people to think. And I know they're thinking, and just add to the conversation. Thank you. Thank you very much. We appreciate it. We'll take the case under advisement.